IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **ROBERT BRANDON PINON,** on behalf of himself and all others similarly situated <br><br> **Plaintiffs,** <br><br> v. <br><br> **KALYAN HOSPITALITY, LLC, KALYAN HOSPITALITY, LLC II, and ROANOKE AIRPORT HOTEL PARTNERS, LLC** <br><br> **Defendants.** | **Case No:** 7:20cv205 <br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Robert Brandon Pinon ("Pinon" or "Plaintiff"), by counsel, brings this action, on behalf of himself and all other similarly situated employees of Defendants, to recover unpaid wages and overtime, liquidated damages and attorneys' fees from his former employer(s), Kalyan Hospitality, LLC and/or Kalyan Hospitality, LLC II, and/or Roanoke Airport Hotel Partners, LLC. (collectively "Defendants"), for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*. By virtue of Defendants' staffing and compensation model, Plaintiff and others similarly situated were deemed exempt, salaried employees despite being subject to an actual practice of improper deductions from said salaries in violation of 29 CFR § 541.603. Defendants are a Hospitality company operating and/or owning at least 16 hotels in Virginia with another 13 properties currently under construction or in development in Virginia, Oregon, and

Washington State.[1]   Defendants employ several hundred people at their hotel properties, a significant number of whom are paid salaries and are classified as exempt but are subject to wage deductions rendering such exempt classifications ineffectual and invalid.  As such, at all times alleged in this Complaint, Plaintiff, and all others similarly situated, were the victims of a uniform policy and practice to deprive them of lawful wages and earned overtime in willful violation of the FLSA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (commerce), 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

2. Venue is proper in this Court under 28 U.S.C. § 1391. The causes of action asserted herein occurred and/or accrued in Roanoke, Virginia. Venue is also appropriate in this Court because Defendants own and/or operate several hotel properties within this Judicial District and Division. In addition, Defendants' unlawful conduct occurred in, at a minimum, Virginia.

## PARTIES

3. Pinon is a natural person residing in Roanoke, Virginia and, at all relevant times asserted in this Complaint, was as General Manager of Defendants at the Holiday Inn Roanoke – Valley View located at 3315 Ordway Drive Roanoke, Virginia.

4. Defendants Kalyan Hospitality, LLC ("Kalyan") and/or Kalyan Hospitality, LLC II ("Kalyan II") are Virginia corporations and are enterprises, as defined in 29 U.S.C. § 203(r)(1), engaged in business in the State of Virginia, operating and/or owning multiple hotels under various brand names.

---

1 *See* https://kalyanhospitality.com/hotel-portfolio/ (last visited 3.2.2020).

5. Defendant Roanoke Airport Hotel Partners, LLC does business as a hotel in Roanoke, Virginia under the name Holiday Inn Roanoke – Valley View. Defendant Roanoke Airport Hotel Partners is, either together with Defendants Kalyan Hospitality, LLC and/or Kalyan Hospitality, LLC II, or independently, an enterprise as defined in 29 U.S.C. § 203(r)(1), engaged in business in the State of Virginia.

## FACTUAL ALLEGATIONS

6. On or about February 1, 2019, Pinion became employed by Defendants as a General Manager at the Holiday Inn Roanoke – Valley View. Pinon continued to work there until January 27, 2020

7. Defendants paid Pinon and other similarly situated exempt hotel staff on a salary basis. However, Pinon, and others similarly situated, were subject to deductions from their wages if they did not work a set number of hours. For instance, Pinon's salary would be, and was, deducted against, in those weeks where he worked less than 50 hours. Exhibit A of Pinon's contract stated that his "Salary is based on a 50+ hour work week."

8. Pinon is aware of colleagues at the Holiday Inn Roanoke – Valley View as well as other properties owned and/or operated by Kalyan and/or Kalyan II who were subject to the same deduction policy and practice as he was, i.e. improper deductions against an exempt employee's salary for reasons not permitted by 29 CFR § 541.603.

9. Pinon and other exempt salaried hotel staff employed by Defendants were expressly required to work more than 40 hours in a week, were subject to an actual policy of improper wage deductions, and received no overtime compensation during the three years prior to the filing of this complaint.

10. Plaintiff, and other similarly situated were informed by Defendants by contract, by compensation, and orally that their salaried earnings would be deducted from if they failed to meet their minimum hours worked requirement.

11. Defendants paid Pinon on a biweekly basis and his paychecks listed his hours worked. For those pay periods where he worked more than 100 hours Pinon was paid $2,692.31.

12. Consistent with the actual policy in place, Pinon's wages were deducted against for those pay periods where he worked less than 50 hours a week. On such occasions where his worked hours worked fell below Defendants' requirement, his wages were reduced accordingly, despite his purportedly being an exempt salaried employee. For example:

| Pay Check date | Hours Worked | Amount Paid |
| --- | --- | --- |
| 12/27/19 | 84.25 | $2,019.23 |
| 1/24/20 | 89.75 | $2,423.08 |

13. Across its multiple hotels Defendants employ numerous other exempt, salaried hotel staff who are similarly situated to Pinon in that Defendants classify them as exempt despite their being subject to Defendants' actual policy of improper wage deductions.

14. Pinon, and others similarly situated, regularly worked hours in excess of forty hours per week and were not provided overtime compensation.

15. Defendants paid, and on information and belief, continue to pay, exempt, salaried hotel staff as if such individuals were not subject to Defendants actual policy of improper wage deductions.

16. Defendants are controlled by the same individual(s).

4

17. Roanoke Airport Hotel Partners, LLC is owned and/or operated by Defendants Kalyan and/or Kalyan II.

18. Defendants jointly employed Pinon and/or were integrated employers or apparent agents with respect to Pinon.

19. And, on information and belief, Kalyan Hospitality, LLC, Kalyan Hospitality, LLC II, and/or Roanoke Airport Hotel Partners, LLC, at the times relevant, were joint employers, integrated employers, and/or apparent agents with respect to the other similarly situated employees of Defendants.

20. Pinon's employment agreement with Roanoke Airport Hotel Partners, LLC expressly incorporates Kalyan as a contractual participant and confers certain rights and obligations between Pinon and Kalyan and/or Kalyan II.

21. Kalyan and/or Kalyan II controlled the terms and conditions of Pinons employment, specifically among others, the wage deduction policy at issue in this litigation. Further, on information and belief, Kalyan and Kalyan II extended that policy to exempt, salaried hotel staff at its other properties.

22. Due to their being subject to Defendants' actual policy of improper wage deductions, Pinon and all others similarly situated exempt, salaried hotel staff were, in fact, not exempt from overtime pay under FLSA because Defendants had no entitlement to maintain any exemption requiring a salary basis. Rather, Pinon, and all others similarly situated exempt, salaried hotel staff should have been paid overtime for all hours worked over 40 in a week.

23. Defendants' classifications and its policy and practice with respect to the payment of overtime wages to Plaintiff, and all others similarly situated, violated the FLSA, and deprived Pinon and all others similarly situated of the lawful wages to which they were entitled.

## COLLECTIVE CLAIMS UNDER FLSA

24. Pinon brings this action on his own behalf and as collective action on behalf of others similarly situated to recover unpaid compensation, in the form of overtime compensation, pursuant to FLSA. On information and belief, for at least three years prior to filing this complaint, Defendants have had a uniform policy and practice of requiring exempt, salaried staff to be subject to improper wage deductions premised on minimum work hours thresholds. Such subject employees were typically general managers, managers, catering managers, chefs, assistant managers, sales personnel, and other back office administrative positions at the various hotels.

25. On information and belief Defendants manage the classification of employees for FLSA purposes, including exempt, salaried hotel staff, in a centralized and uniform fashion, from their Glen Allen, Virginia headquarters.

26. On further information and belief, Defendants' payroll function is operated in a centralized and uniform manner from its Glen Allen, Virginia headquarters and Plaintiffs' paychecks were regularly issued from this centralized payroll operation. On information and belief, paychecks, and the deductions thereto, for all similarly situated employees were issued from the same, centralized payroll department in Defendants' Glen Allen, Virginia home office for all states in which Defendants operate.

27. Damages owed to Pinon, and others similarly situated, include unpaid overtime on any wages earned.

28. Plaintiff, and others similarly situated, were paid a specified salary and were not paid any overtime compensation notwithstanding the fact that they regularly worked and/or were explicitly required to work in excess of 40 hours per week, lest they see their wages reduced for that week. Plaintiff, and others similarly situated, who elect to participate in this action seek unpaid

overtime wage compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

29. Independently and collectively Defendants are each an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

30. Independently and collectively Defendants are each an employer as defined by § 203(d) of the FLSA.

31. At all times material to this action, Pinon, and others similarly situated, are and/or were employees of Defendants as defined by § 203(e)(1) of the FLSA and worked for Defendants within three years preceding the filing of this action.

32. The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to Defendants, and all members of the Plaintiff collective action herein were covered by §§ 206 and 207 of the FLSA while they were employed by Defendants.

33. At all times relevant to this action, Defendants employed Plaintiff, and others similarly situated, in salaried positions which were subject to an actual practice of impermissible wage deductions.

34. Pinon, and all others similarly situated, were required to perform work without overtime compensation.

35. Defendants have knowingly and/or intentionally and/or recklessly failed and/or refused to pay Plaintiff, and others similarly situated, overtime compensation as required by the provisions of the FLSA.

36. For at least three years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations, notwithstanding they willfully refused and failed to pay

exempt, salaried hotel staff overtime wages as required by FLSA, and instead subjected these individuals to an actual policy of improper wage deductions.

37. Defendants have failed, and on information and belief, continue to fail, to maintain accurate time records for Plaintiff, and all other similarly situated employees, as required by the FLSA.

38. Defendants willfully violated the FLSA by intentionally availing itself to the benefit of so-called white-collar exemptions while failing to comply with the basic requirement that exempt employees' salaries not be subject to wage deductions.

39. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

40. Pinon, and all other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) (or more) years preceding the filing of this Complaint.

41. Defendants have shown a reckless disregard for the FLSA's overtime requirements. Although Defendants had an obligation to make proper inquiry into their FLSA compliance obligations, they failed to do so or, having inquired, they ignored or willfully attempted to avoid its legal obligations.

42. Moreover, Defendants instructed its exempt, salaried hotel staff that they had complied with the FLSA and were not required to pay them overtime under federal law. As such, Pinon, and all other similarly situated employees, were misled into believing that Defendants were in full compliance with the FLSA laws concerning payment of overtime compensation.

43. Defendants have not acted in good faith with respect to the failure to pay overtime compensation. Defendants had no legitimate reason to believe their actions and omissions were *not* a violation of the FLSA, thus entitling Pinon, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

44. There are numerous employees and former employees of Defendants Kalyan and/or Kalyan II who are similarly situated to Pinon who have been denied overtime compensation in violation of the FLSA, who would benefit from the issuance of Court-Supervised Notice and opportunity to join the present lawsuit. Those similarly situated employees and former employees are best known to Defendants Kalyan and/or Kalyan II, they are readily identifiable from Defendants' records, and their overtime hours have been recorded and maintained. Accordingly, all exempt, salaried hotel staff who were subject to wage deductions who are or have been employed at hotels owned or operated by Kalyan and/or Kalyan II for the last three years, who have worked overtime hours and who have not been compensated with overtime wages, should be given Court-Supervised Notice of this lawsuit and opportunity to join herein.

45. Pinon consents to become a party plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Pinon's "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

## COUNT I
**Violation of the Fair Labor Standards Act
(Collective Action)**

46. Pinon re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

47. Defendants violated Pinon's, and all others similarly situated, rights under the FLSA by failing to pay them overtime compensation for hours worked in excess of forty (40) hours for each workweek that they were employed as exempt, salaried hotel staff subject to Defendants' actual policy of improper wage deductions.

48. Pinon, and all others similarly situated, were entitled to all the rights and protections of the FLSA and Defendants' failure to pay them overtime was in violation of the FLSA.

49. Defendants acted willfully and with reckless disregard for Pinon's, and others similarly situated, rights under the FLSA.

50. Pinon, and all others similarly situated, are entitled to back pay for all overtime hours worked during their employment with Defendants in an amount equal to one and one-half times their regular rate(s) of pay.

51. As a result of Defendants' willful and reckless actions, Pinon and all others similarly situated, are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

52. Pinon, and all others similarly situated, are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated employees and former employees of Defendants, pray for the following relief:

A. At the earliest possible time, he be allowed to give notice, or that the Court issue such Notice, to all other potential Plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid overtime wages therefore, pursuant to 29 U.S.C. § 216(b);

B. Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C. Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D. Enter judgment that the Plaintiff, and all others similarly situated, be awarded damages in the amount of their respective unpaid overtime wage compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

E. Enter judgment that Defendants' violations of the FLSA were willful;

F. Enter judgment awarding Plaintiff, and those similarly situated, reasonable attorney's fees and costs of this suit, pursuant to 29 U.S.C. § 216(b);

G. Enter judgment for post-judgment interest at the applicable legal rate;

H. Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other Defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

I. Enjoin Defendants from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of forty (40) per week;

J. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

K. Such further relief as this Court deems just and appropriate.

**Trial by Jury is Demanded.**

Respectfully submitted,

**ROBERT BRANDON PINON,
behalf of himself and all others similarly situated**

By:____/s/_____
Brittany M. Haddox (VSB No. 86416)
Thomas E. Strelka (VSB No. 75488)
L. Leigh R. Strelka (VSB No. 73355)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
brittany@strelkalaw.com
thomas@strelkalaw.com
leigh@strelkalaw.com

Harris D. Butler, III (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Royals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel:    (804) 648-4848
Fax:   (804) 237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com

*Counsel for Plaintiffs*